UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

    Plaintiff,                                      Hon. Gordon J. Quist

v.                                                       Case No. 1:10 CV 88

BRIAN JANOWIAK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on January 29, 2010, against Corrections Officer Brian Janowiak upon whom service has not yet been effected. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against Defendant Janowiak be **dismissed without prejudice for failure to timely effect service**.

On March 15, 2010, the Court directed that Plaintiff's complaint be served on Defendant Janowiak. The following day, a summons was issued for Defendant Janowiak. On April 5, 2010, this summons was returned unexecuted. In the more than 18 months since, Plaintiff has taken absolutely no action concerning the attempt to effect service (or obtain a waiver of service) on Defendant Janowiak. During this time, Plaintiff neither requested an extension of time to effect service on Janowiak nor requested the Court's assistance in effecting service on Defendant.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within

120 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added); *Clemons v. Soeltner*, 652 Fed. Appx. 81, 82 (6th Cir., Mar. 26, 2003) (if the plaintiff demonstrates good cause for such failure, the court *may* extend the time for service).

As the Sixth Circuit has recognized, Plaintiff has a "duty to monitor the docket and the progress of his case." *See Carney v. Johnson*, No. 12-1341, Order at 3 (6th Cir., Nov. 13, 2012) (citing *Reinhart v. U.S. Dep't of Agric.*, 39 Fed. Appx. 954, 956 (6th Cir., July 10, 2002). The failure by Defendant Janowiak to make an appearance or otherwise participate in this matter "placed [Plaintiff] on notice that something was awry." *See Carney*, No. 12-1341, Order at 3. Considering Plaintiff's lack of diligence in this matter, the undersigned recommends that Plaintiff's claims against Defendant Janowiak be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendant Janowiak be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2013            /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge